Filed 9/4/15  P. v. Mesa CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL JOSEPH MESA,<br><br>        Defendant and Appellant. | E063375<br><br>(Super.Ct.No. FVI1202750)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired Judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Siri Shetty, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Michael Joseph Mesa appeals from an order denying his petition to reduce his convictions to misdemeanors pursuant to Penal Code section 1170.18.[1]  We find no error and will affirm the order.

I

PROCEDURAL BACKGROUND

On October 23, 2012, a felony complaint was filed against defendant charging him with one count of identity theft in violation of section 530.5, subdivision (a).  The complaint further alleged that defendant had suffered five prior prison terms (§ 667.5, subd. (b)).

On January 3, 2013, pursuant to a plea agreement, defendant pled guilty to the charge and admitted the prior prison term allegations.  In return, defendant was sentenced to a total term of eight years in county prison and released on his own recognizance pursuant to a *Vargas*[2] waiver on various terms and conditions and a promise to appear.

On June 20, 2013, defendant failed to appear as promised, and a bench warrant was issued for his arrest.

On July 22, 2013, defendant admitted that he had violated the terms of his *Vargas* waiver.  The court thereafter noted that the previously imposed sentence of eight years remained in effect and awarded defendant 144 days credit for time served.

---

[1]  All future statutory references are to the Penal Code unless otherwise stated.

[2]  *People v. Vargas* (1990) 223 Cal.App.3d 1107 (*Vargas*).

2

On November 4, 2014, voters enacted Proposition 47, entitled "the Safe Neighborhoods and Schools Act" (hereafter Proposition 47). It went into effect the next day. (Cal. Const., art. II, § 10, subd. (a).) As of its effective date, Proposition 47 classifies as misdemeanors certain drug- and theft-related offenses that previously were felonies or "wobblers," unless they were committed by certain ineligible defendants. (§ 1170.18, subd. (a).)

On January 30, 2015, defendant filed a petition to reduce his felony convictions in eight different cases to a misdemeanor and for resentencing pursuant to section 1170.18. These eight cases were for the following convicted offenses: a 1991 misdemeanor unlawful driving or taking a vehicle (Veh. Code, § 10851, subd. (a); case No. FVI6999); a 1992 grand vehicle theft (former § 487h, subd. (a); case No. FVI8011/VCR62801); a 1996 felon in possession of a firearm (former § 12021, subd. (a)(1); case No. FVI04719); a 2001 unlawful driving or taking (Veh. Code, § 10851, subd. (a); case No. FVI011370); a 2001 evading an officer/willful disregard (Veh. Code, § 2800.2, subd. (a); case No. FVI011370); a 2005 possession of drugs while armed with a firearm (Health & Saf. Code, § 11370.1, subd. (a); case No. FVI020215); a 2008 unlawful driving or taking a vehicle (Veh. Code, § 10851, subd. (a); case No. FVI801282); a 2009 unlawfully and fraudulently drawing insufficient funds in the amount of $1,100 (§ 476a, subd. (a); case No. FVI901791); and a 2013 grand theft where the value exceeded $950 (§ 484g, subd. (b); case No. FVI130211).

On February 27, 2015, the trial court considered and denied defendant's petition, finding defendant's petition did not satisfy the criteria under section 1170.18 "due either to the nature of the charges or the amounts involved." Defendant filed a timely notice of appeal from that order on April 20, 2015.

II

DISCUSSION

After defendant appealed, upon his request, this court appointed counsel to represent him on appeal. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court to conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief, and he has not done so.

As previously noted, Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. The passage of Proposition 47 also created section 1170.18, which provides for any defendant "currently serving a sentence for a conviction . . . of a felony or felonies who would have been guilty of a misdemeanor under [Proposition 47] had [it] been in effect at the time of the offense [to] petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing . . ." under the statutory framework as amended by the passage of Proposition 47. (§ 1170.18, subd. (a).) If a

4

defendant properly seeks recall and resentencing pursuant to section 1170.18, subdivision (a), the trial court must grant resentencing unless, in its discretion, it determines resentencing "would pose an unreasonable risk of danger to public safety." (§ 1170.18, subd. (b).)

Among the crimes reduced to misdemeanors by Proposition 47, rendering the person convicted of the crime eligible for resentencing, is receiving stolen property where the property value does not exceed $950 (§ 496, subd. (a)) and possession of a controlled substance (Health & Saf. Code, § 11350). In addition, "Proposition 47 (1) added chapter 33 to the Government Code (§ 7599 et seq.), (2) added sections 459.5, 490.2, and 1170.18 to the Penal Code, and (3) amended Penal Code sections 473, 476a, 496, and 666 and Health and Safety Code sections 11350, 11357, and 11377." (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091, citing Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, §§ 4-14, pp. 70-74.)

Here, as the trial court concluded, the record shows defendant was ineligible for reduction of his offenses to misdemeanors and for resentencing under section 1170.18 due to "the nature of the charges or the amounts involved."

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the entire record for potential error and find no arguable error that would result in a disposition more favorable to defendant.

III

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

HOLLENHORST
J.

CODRINGTON
J.